IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

JAMES R. WINCHESTER,          *

     Appellant,          *
     Cross-Appellee,
               *          CASE NO. 4:09-CV-161 (CDL)
vs.
               *
E. MURRAY NEWLIN,
               *
     Appellee,
     Cross-Appellant.          *

_____

O R D E R

This bankruptcy appeal arises from claims that former partners,
James R. Winchester and E. Murray Newlin, asserted against each other
and the effect of Newlin's bankruptcy proceeding on those claims.[1]
Winchester and Newlin are dentists who practiced together as a
partnership. During the existence of that partnership, Newlin filed

_____

[1]The procedural posture of this appeal is complicated. Newlin filed
a motion for permission to file an interlocutory appeal of certain rulings
by the Bankruptcy Court prior to Winchester's filing of his direct appeal.
The Clerk designated Newlin's motion as a miscellaneous action with case
number 4:9MC03. Before the Court had an opportunity to rule on that
motion, Winchester filed his direct appeal, which is designated as case
number 4:9CV161. The Court assumed that Newlin would then file a cross-
appeal asserting the enumerations of error raised in his motion for
interlocutory appeal, and his motion for interlocutory appeal would become
moot. For some reason, Newlin never filed a cross-appeal. The Court finds
that the most efficient way to address all of the issues which the parties
claim were decided erroneously by the Bankruptcy Court is to treat Newlin's
motion for permission to file an interlocutory appeal as a cross-appeal to Winchester's direct
appeal. Both appeals are therefore decided in today's single order.
Newlin's separate motion for permission to file an interlocutory appeal is
now moot, and case number 4:9MC03 shall be dismissed. The Court informed
the parties of this approach, and neither voiced an objection. (*Hearing,*
8/23/2010).

for bankruptcy protection, first as a Chapter 11 proceeding which he later converted to a Chapter 7 proceeding. Disputes arose as to the partners' interest in the partnership and the duties each owed to the other, all of which were complicated by the pending bankruptcy proceeding. After the bankruptcy proceeding concluded, Newlin filed a civil action in the Superior Court of Muscogee County, Georgia against Winchester, alleging liability based upon Winchester's breach of certain legal duties owed pursuant to their partnership agreement. The bankruptcy trustee ("Trustee") intervened in that action as a party, and Winchester subsequently removed the Superior Court action to the Bankruptcy Court. After the removal, the Trustee asserted a counterclaim against Newlin for post-petition proceeds allegedly received by Newlin that the Trustee claimed belonged to the bankruptcy estate.

As a counterclaim in the adversary proceeding removed from Superior Court, Winchester asserted claims against Newlin arising from their partnership. Unfortunately for Winchester, the Bankruptcy Court found that he filed his answer and counterclaim too late. Therefore, the Bankruptcy Court ruled that Winchester was in default on Newlin's claims against him in the removed adversary proceeding, and the Bankruptcy Court also struck Winchester's counterclaim as untimely.

To complicate matters further, Winchester reached an agreement with the Trustee that resulted in the Trustee's counterclaim against Newlin being assigned to Winchester, and the Bankruptcy Court ultimately ordered that Winchester be substituted for the Trustee to assert that claim. Finally, the Bankruptcy Court found that the removed action between Newlin and Winchester, which now consisted of Newlin's original claims against Winchester that were in default and Winchester's claim against Newlin that had been assigned to him by the Trustee, was not a core proceeding in the Bankruptcy Court. Therefore, the Court remanded that action to Superior Court.

Both Winchester and Newlin appeal various rulings by the Bankruptcy Court. Winchester appeals the following: (1) the Bankruptcy Court's refusal to set aside the default entered against him on Newlin's claims that originated in the Superior Court of Muscogee County, and the Court's striking of his answer and counterclaim as untimely; (2) the Bankruptcy Court's order remanding the action to the Superior Court of Muscogee County; and (3) the Bankruptcy Court's order overruling Winchester's objection to Newlin's jury demands. Newlin appeals the Bankruptcy Court's rulings that permitted Winchester to pursue the Trustee's counterclaim against Newlin after the Trustee assigned that claim to Winchester. For the following reasons, the Court affirms the Bankruptcy Court's rulings.

STANDARD OF REVIEW

The district court, in reviewing a decision of a bankruptcy court, functions as an appellate court. *See Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1296 (11th Cir. 2000) (per curiam); *see also Reider v. Fed. Deposit Ins. Corp. (In re Reider)*, 31 F.3d 1102, 1104 (11th Cir. 1994). On an appeal from a bankruptcy court, district courts "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. The Court must accept the bankruptcy court's findings of fact unless those facts are clearly erroneous. *Id.* The Court is not authorized to make independent factual findings. *Equitable Life Assurance Soc'y v. Sublett (In re Sublett)*, 895 F.2d 1381, 1384 (11th Cir. 1990). Legal conclusions by the bankruptcy court, however, are reviewed *de novo*. *See Club Assocs. v. Consol. Capital Realty Investors (In re Club Assocs.)*, 951 F.2d 1223, 1228 (11th Cir. 1992).

FACTUAL AND PROCEDURAL BACKGROUND

The procedural history of this case, while complicated, is undisputed. On June 4, 2004, E. Murray Newlin filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code"). Voluntary Petition*,* June 4, 2004*, In re Newlin*, No. 04-41364-JTL (Bankr. M.D. Ga.) [hereinafter *In re*

4

*Newlin*], Bankr. ECF No. 1. On March 2, 2006, Newlin voluntarily converted the case under Chapter 7 of the Bankruptcy Code, and Joy R. Webster was appointed as Trustee ("Trustee"). Notice of Voluntary Conversion to Chapter 7*,* Mar. 2, 2006*, In re Newlin*, Bankr. ECF No. 76. Newlin received a discharge under Chapter 7 on October 13, 2006. Order Discharging Debtor*,* Oct. 13, 2006*, In re Newlin*, Bankr. ECF No. 104.

The issues involved in this appeal relate to disputes between Newlin and his partner in a dental partnership, James R. Winchester. Newlin and Winchester entered into a partnership on April 1, 1999, ("Partnership Agreement") forming the partnership of Newlin & Winchester ("Partnership"). The Partnership Agreement was not assumed by the Trustee in Newlin's bankruptcy, and on May 23, 2006, the Trustee sent a letter to Winchester: (a) purporting to withdraw Newlin from the Partnership pursuant to the Partnership Agreement, and (b) attempting to compel Winchester as the remaining partner to buy out Newlin's share ("Withdrawal Letter"). Newlin, however, opposed the withdrawal, and Newlin and the Trustee reached an agreement regarding the claims of the Trustee and Newlin's estate regarding the Partnership ("Settlement Agreement"). Based upon the Settlement Agreement, the Trustee filed a "Motion to Sell Property of the Estate," which proposed to settle the dispute between the Trustee and Newlin by releasing any interest of the bankruptcy estate in the

5

Partnership to Newlin for the price of $35,000. Motion to Sell Property of the Estate, Oct. 13, 2006, *In re Newlin*, Bankr. ECF No. 105. Columbus Bank & Trust Company ("CB&T") filed objections to the Trustee's motion. Objections to Motion to Sell, Nov. 1, 2006, *In re Newlin*, Bankr. ECF No. 114. The Bankruptcy Court sustained CB&T's objections, finding that although Newlin's interest in the Partnership was property of the bankruptcy estate, the Trustee had not produced sufficient evidence that the sale price of $35,000 was acceptable. Memorandum Opinion, June 29, 2007, *In re Newlin*, Bankr. ECF No. 136; Order Sustaining Objections to Motion to Sell Property of Estate, June, 29, 2007, *In re Newlin*, Bankr. ECF No. 137.

Both Newlin and Winchester continued to operate the dental practice together. On April 9, 2008, after Newlin had received his Chapter 7 discharge, Newlin filed a civil action against Winchester in the Superior Court of Muscogee County, Georgia. In that action, Newlin alleged that Winchester breached his duties to Newlin under the Partnership Agreement and under Georgia law ("Superior Court Claims"). The breaches alleged in the Superior Court Claims occurred during the years 2007 and 2008. The Trustee intervened in the Superior Court action, and Winchester filed a "Notice of Removal" in the Bankruptcy Court. Notice of Removal, May 7, 2008, *Newlin v. Winchester*, No. 08-04015-JTL (Bankr. M.D. Ga.) [hereinafter *Newlin v. Winchester*], Bankr. ECF No. 1. When the matter was removed to the

Bankruptcy Court, Winchester sought to have the claims asserted by Newlin against him dismissed. Motion to Dismiss Adversary Proceeding, May 13, 2006, *Newlin v. Winchester*, Bankr. ECF No. 2. Newlin moved to remand the removed action back to Superior Court. Motion to Remand, May 16, 2008, *Newlin v. Winchester*, Bankr. ECF No. 3. Newlin also filed a "Jury Demand." Jury Demand, May 16, 2008, *Newlin v. Winchester*, Bankr. ECF No. 6. The Trustee filed a timely answer, along with a counterclaim pursuant to 11 U.S.C. § 542(a) ("Trustee's § 542(a) Counterclaim").[2] Answer and Counterclaim, May 27, 2008, *Newlin v. Winchester*, Bankr. ECF. No. 11. In the counterclaim, the Trustee alleged that Newlin received post-petition payments from the Partnership in excess of $185,000 in addition to his monthly salary for personal services, which payments were property of the estate under 11 U.S.C. § 541(a)(6).[3]

---

[2] 11 U.S.C. § 542(a) provides:

Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

[3] 11 U.S.C. § 541(a)(6) provides:

(a)   The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
      (6)   Proceeds, product, offspring, rents, or profits of

Newlin filed another "Jury Demand," requesting a jury trial with respect to the Trustee's § 542(a) Counterclaim. Jury Demand, June 16, 2008, *Newlin v. Winchester*, Bankr. ECF No. 29. Winchester subsequently filed a "Renewed Motion to Dismiss Adversary Proceeding." Renewed Motion to Dismiss Adversary Proceeding, Dec. 5, 2008, *Newlin v. Winchester*, Bankr. ECF No. 43. Although not relevant to the present appeal, the Bankruptcy Court denied both of Winchester's motions to dismiss. Order Denying Motions to Dismiss Adversary Proceeding, Dec. 11, 2008, *Newlin v. Winchester*, Bankr. ECF No. 46.

On October 27, 2008, the Trustee filed another "Motion to Sell Property of the Estate" in the primary bankruptcy case, which proposed to sell the "partnership interest along with any and all claims flowing therefrom (property) to Dr. James Winchester for the sum of $100,000." Motion to Sell Property of the Estate, Oct. 27, 2008, *In re Newlin*, Bankr. ECF No. 189. The Bankruptcy Court granted the motion, and the Trustee executed and delivered a Bill of Sale to Winchester conveying to Winchester any interest of the bankruptcy estate in the Partnership, along with any and all claims flowing therefrom.

---

or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

On May 15, 2009, Winchester, contending that he now owned the §
542(a) counterclaim previously asserted by the Trustee, filed a
"Motion to Substitute Parties," alleging that he had the exclusive
right to prosecute the Trustee's § 542(a) Counterclaim, and requested
that he be substituted as the counterclaimant.  Motion to Substitute
Parties, May 15, 2009, *Newlin v. Winchester*, Bankr. ECF No. 65.
After a hearing, the Bankruptcy Court entered an order denying the
motion.  In the order, the Bankruptcy Court stated that Winchester
should file an "amendment to his response or a motion to permit the
filing of a counterclaim, as [Winchester] deems appropriate, within
ten (10) days from the date of this order."  Order Denying Motion to
Substitute Parties, June 19, 2009, *Newlin v. Winchester*, Bankr. ECF
No. 68.

On June 29, 2009, Winchester responded to Newlin's Superior
Court Claims that were removed to the Bankruptcy Court by filing his
"Answer and Counterclaim."  Answer to Complaint and Counterclaim,
June 29, 2009, *Newlin v. Winchester*, Bankr. ECF No. 72.  Arguing that
Winchester's Answer and Counterclaim were untimely, Newlin filed a
"Motion to Strike Answer and Counterclaim and Motion to Dismiss
Counterclaim."  Motion to Strike Answer and Counterclaim and Motion
to Dismiss Counterclaim, July 9, 2009, *Newlin v. Winchester*, Bankr.
ECF No. 73.  Newlin also filed his third "Jury Demand."  Jury Demand,
July 9, 2009, *Newlin v. Winchester*, Bankr. ECF No. 75.

On August 13, 2009, the Bankruptcy Court entered an "Order Resolving Various Pending Motions" ("Bankruptcy Court Order"), which: (1) found Winchester in default for failure to file a timely answer to Newlin's removed complaint, Bankr. Appeal R., Order Resolving Various Pending Mots. 2 ¶ 1, Aug. 13, 2009, ECF No. 1 [hereinafter Bankr. Ct. Order]; (2) vacated its order denying the motion to substitute parties and granted Winchester's motion to substitute parties, *id.* at 2 ¶ 2; (3) vacated its order granting Newlin's motion to dismiss the Trustee's Counterclaim and denied Newlin's motion to dismiss the Trustee's Counterclaim, *id.* at 2-3 ¶ 3; (4) granted Newlin's motion to strike Winchester's answer and counterclaim for failure to timely file, *id.* at 3 ¶ 4; (5) found that Winchester had standing to pursue the Trustee's § 542(a) Counterclaim, *id.* at 3 ¶ 5; (6) overruled Winchester's objection to Newlin's jury trial demands, *id.* at 6-7 ¶ 6; and (7) granted Newlin's motion to remand the adversary proceeding to the Superior Court of Muscogee County, Georgia, *id.* at 4 ¶ 7.

Winchester filed a "Motion for Reconsideration," Motion to Reconsider*,* Aug. 24, 2009*, Newlin v. Winchester*, Bankr. ECF No. 93, which the Bankruptcy Court denied. Order Denying Motion to Reconsider*,* Oct. 21, 2009, *Newlin v. Winchester*, Bankr. ECF No. 103; Memorandum Order*,* Oct. 21, 2009*, Newlin v. Winchester*, Bankr. ECF No. 104 [hereinafter Mem. Order on Mot. to Reconsider]. Pertinent to

this appeal, the Bankruptcy Court in its Memorandum Order on Winchester's Motion to Reconsider found that good cause did not exist to set aside Winchester's default. Mem. Order on Mot. to Reconsider 5-8.

In light of these rulings, the action asserted by Newlin against Winchester is in default, and Winchester's answer and original counterclaim have been stricken. Winchester, however, was permitted to assert the § 542(a) counterclaim against Newlin that was originally asserted by the Trustee. Also, Newlin is entitled to a jury trial according to the Bankruptcy Court rulings. Finally, the Bankruptcy Court ruled that the action should be remanded to the Superior Court of Muscogee County, which will adjudicate Newlin's defaulted claims against Winchester and Winchester's § 542(a) counterclaim against Newlin that was originally asserted by the Trustee.

DISCUSSION

Winchester appeals the Bankruptcy Court rulings that found him in default, struck his answer and counterclaim, found Newlin entitled to a jury trial, and remanded the adversary proceeding between Winchester and Newlin to the Superior Court. Newlin appeals the Bankruptcy Court's rulings that permitted Winchester to pursue the Trustee's §542(a) Counterclaim against Newlin that was assigned to Winchester by the Trustee. The following issues are presented for

resolution in these appeals: (1) whether the Bankruptcy Court erred in finding that Winchester was in default due to his failure to file a timely answer and that good cause did not exist to set aside the default; (2) whether the Bankruptcy Court erred in ordering a remand of the case to the Superior Court of Muscogee County; (3) whether the Bankruptcy Court erred in overruling Winchester's objection to Newlin's jury trial demands; and (4) whether the Bankruptcy Court erred by finding that Winchester had standing to pursue the §542(a) claim assigned to him by the Trustee. The Court will address each issue in turn.

## I. Winchester's Appeal

### A. Default

First, Winchester contends that the Bankruptcy Court erred in finding that he failed to file a timely answer, and that good cause did not exist to set aside the default. Br. of Appellant 8-13, ECF No. 4. Setting aside an entry of default is governed by Federal Rule of Civil Procedure 55(c), which is made applicable to adversary proceedings in bankruptcy cases by Federal Rule of Bankruptcy Procedure 7055. In order for a court to set aside an entry of default, "good cause" must be shown. Fed. R. Bankr. P. 7055; *see also Cielinski v. Sandlin (In re Sandlin)*, No. 01-40209, 00-4016, 2002 WL 934564, at *2 (Bankr. M.D. Ga. Feb. 19, 2002). A four-prong test is applied to determine whether good cause exists: "(1) whether

the defaulting party took prompt action to vacate the default; (2) whether the defaulting party provided a plausible excuse for the default; (3) whether the defaulting party presented a meritorious defense; and (4) whether the party not in default will be prejudiced if the default is set aside."  *Id.* at *3.

Under the first factor, a party need only act to set aside the default within a reasonable time after the entry of default.  *Id.* Here, the Bankruptcy Court found that Winchester acted to set aside the default within a reasonable time because he filed his motion for reconsideration only twelve days after the Bankruptcy Court entered the order of default.  Mem. Order on Mot. to Reconsider 6.  The Court does not find this conclusion by the Bankruptcy Court erroneous.

Under the second factor, a court must determine whether the defaulting party has provided a plausible excuse for the default. Here, the Bankruptcy Court found that Winchester's excuse for the default—that he "believed that the sale automatically substituted him for the Trustee in th[e] adversary proceeding, such that the filing of another response was unnecessary"—was unreasonable under the circumstances, because even if the sale automatically substituted him for the Trustee, such substitution could only extend to the Trustee's § 542(a) Counterclaim.  *Id.* at 6-7.  The Court finds that this determination by the Bankruptcy Court does not constitute reversible error.

Under the third factor, a court must determine whether the defaulting party has presented a meritorious defense. Here, the Bankruptcy Court found that Winchester had not presented any factual basis for a meritorious defense to the Superior Court Claims. *Id.* at 7-8. The Court finds no reversible error in this conclusion by the Bankruptcy Court.

Lastly, a court must determine whether the non-defaulting party will be prejudiced if the entry of default is set aside. Here, the Bankruptcy Court found that "because [Appellant] ha[d] failed to present a meritorious defense, there [was] a threat of prejudice to the [Appellee]." *Id.* at 8. The Court likewise does not find this determination by the Bankruptcy Court to be erroneous.

Based on the foregoing, the Court finds that the Bankruptcy Court did not err in finding that Winchester did not have good cause under Rule 55(c) to set aside the entry of default.

B.    Remand

Next, Winchester contends that the Bankruptcy Court erred in remanding the action to the Superior Court of Muscogee County. Br. of Appellant 13-15. 28 U.S.C. § 157(b)(1) provides, "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11[.]" The Eleventh Circuit has held that "[i]f the proceeding involves a right created by the federal bankruptcy law, it is a core

14

proceeding.  A proceeding is also considered core [i]f the proceeding is one that would arise only in bankruptcy."  *In re Elec. Mach. Enters., Inc.*, 479 F.3d 791, 797 (11th Cir. 2007) (alterations in original) (citations & internal quotation marks omitted).  However, "[a] proceeding is not core [if] the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy."  *Id.* (second alteration in original) (internal quotation marks omitted).

Here, the Bankruptcy Court found that the Superior Court Claims were based upon various breaches of duty all arising under Georgia law, and were thus, neither created by bankruptcy law, nor were of such nature that they would only arise in bankruptcy.  Mem. Order on Mot. to Reconsider 9.  Concluding that the Superior Court Claims were not core proceedings and that the outcome of the action could not affect the bankruptcy estate, the Bankruptcy Court remanded the action to the Superior Court of Muscogee County, Georgia.  Bankr. Ct. Order 4 ¶ 7; Mem. Order on Mot. to Reconsider 9.

Winchester contends that remand was improper in this case because he was substituted as counterclaimant in the Trustee's counterclaim brought under 11 U.S.C. § 542(a), which is a core proceeding under 28 U.S.C. § 157(b)(2).[4]  Br. of Appellant 13.  In

---

[4]28 U.S.C. § 157(b)(2)(A) provides: "Core proceedings include, but are not limited to . . . matters concerning the administration of the estate[.]"

support of his contention, Winchester relies on *All American Laundry Service v. Ascher (In re Ascher)*, 128 B.R. 639 (Bankr. N.D. Ill. 1991). In *Ascher*, the debtor was involved in pre-petition litigation regarding ownership interest in the stock of All American Laundry Service, Inc. ("All American"). *Id.* at 641. The debtor, as defendant in the pre-petition litigation, filed a counterclaim asserting that he was the rightful owner of 100% of the outstanding stock of All American. *Id.* Almost eight months after filing his counterclaim, the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code, and a trustee was appointed. *Id.* at 642. The trustee removed the case to the Bankruptcy Court for the Northern District of Illinois, and the plaintiffs filed an abstention motion requesting that the bankruptcy court abstain from hearing the non-core proceeding. *Id.* In finding that the matter presented was a core matter over which a bankruptcy court could preside, the *Ascher* court stated that "the underlying and controlling issue . . . [was] whether [the] [d]ebtor own[ed] 100%, or a controlling majority, of the stock of All American and certain real estate upon which All American [was] located." *Id.* Thus, the issue for the *Ascher* court to determine was what interest, if any, the debtor had in the stock of All American as of the petition date. If the debtor were to have such an interest, it would then become part of the bankruptcy estate and be available for liquidation and distribution by the estate. In

16

determining that it would retain the claims, the *Ascher* court stated that "such resolution [would] have a direct impact upon the administration of the estate, especially if there [were] no other major assets in the estate available for distribution to creditors." *Id.* at 644.

The Court finds the facts in *Ascher* inapposite to the facts in this case. Here, Winchester—as the substituted counterclaimant for the Trustee's § 542(a) Counterclaim—is seeking turnover of property to benefit himself, and not for the benefit of the estate; thus, the counterclaim can have no effect on the bankruptcy estate. Furthermore, the Superior Court Claims are not core proceedings, and therefore, can have no effect on the bankruptcy estate. Accordingly, the Court finds that the Bankruptcy Court did not err in remanding the case to the Superior Court of Muscogee County.

C. Jury Demand

Lastly, Winchester contends that the Bankruptcy Court erred in overruling his objections to Newlin's jury demands. Specifically, Winchester contends that Newlin waived his right to a jury trial in the adversary proceeding because Newlin filed a voluntary petition under Chapter 11 of the Bankruptcy Code in 2004. Br. of Appellant 16. Newlin, however, originally filed the adversary proceeding in the Superior Court of Muscogee County, and Winchester removed the action to the Bankruptcy Court. Newlin's Superior Court Claims were

17

based upon post-petition conduct, and thus, his filing of a bankruptcy petition in 2004 did not waive his right to a jury trial for claims that arose post-petition.  Accordingly, the Court finds that the Bankruptcy Court did not err in overruling Winchester's objection to Newlin's jury demands and finding that Newlin's three jury demands were proper and timely filed.[5]

## II.  Newlin's Appeal

The Bankruptcy Court held that Winchester "ha[d] standing to pursue the [§ 542(a)] Counterclaim filed by the Trustee as assignee or subrogee of the claims asserted by the Trustee against [Newlin] as a result of [Winchester's] Purchase Agreement with the Trustee." Bankr. Ct. Order 3 ¶ 5.  Newlin relies upon a decision from the Bankruptcy Court for the Western District of Pennsylvania in support of his argument that the Bankruptcy Court erred.  Newlin's Brief in Support of Motion for Leave to Appeal 17-18, Feb. 16, 2010, *Newlin v. Winchester*, No. 4:09-MC-00003-CDL (M.D. Ga.), ECF No. 4.

In *Tenet Healthcare Corp. v. Williams (In re Allegheny Health, Education and Research Foundation)*, 233 B.R. 671 (W.D. Pa. 1999), the plaintiff purchased certain intellectual property rights from the debtor through a bankruptcy court approved sale.  *Id.* at 675.  The

---

[5]The Court rejects Winchester's contention that "[e]ven if [Newlin] were entitled to a jury trial, the adversary proceeding should remain in the Bankruptcy Court until it is ready for trial, at which time the reference can be withdrawn."  Br. of Appellant 16.

asset purchase agreement provided that the debtors were selling and assigning to the plaintiff any and all claims and causes of action relating to the purchase assets. *Id.* After the sale was completed, the plaintiff sued the defendants and sought turnover of certain property to plaintiff. *Id.* The defendants asserted that the plaintiff lacked standing to assert such turnover claim under § 542, while the plaintiff maintained that they acquired the claim pursuant to the asset purchase agreement. *Id.*

In rejecting the plaintiff's assertion and dismissing the plaintiff's § 542 claim, the Western District of Pennsylvania found that the plaintiff could not have obtained the § 542 cause of action via the bankruptcy approved sale because

> (a) such a cause of action is not significantly unlike other statutorily-created actions under Chapter 5 of the Bankruptcy Code, which actions may not be assigned unless, consistent with 11 U.S.C. § 1123(b)(3)(B), such an assignment is to a representative of a bankruptcy estate for the sole purpose of pursuing said cause of action, and (b) plaintiffs cannot appropriately be considered to be a representative of the instant debtors' bankruptcy estate since plaintiffs' pursuit of any cause of action would be on their own behalf rather than for the benefit of said bankruptcy estate.

*Id.* at 676 (internal citations omitted). The Western District of Pennsylvania further found that, even if the plaintiffs were to have obtained the § 542(a) cause of action against the defendants pursuant to the sale, "such a purchase would not have provided plaintiffs with the right to seek recovery of the assets in question for themselves

19

given that § 542(a) only provides for a turnover of property to the bankruptcy estate rather than to, as in the case of plaintiffs, unrelated third parties."[6]  *Id.*

In the present case, the Trustee, in exchange for consideration paid to the bankruptcy estate by Winchester, assigned to Winchester any claims that the Trustee had against Newlin on behalf of he estate.  The Court agrees with the Bankruptcy Court's conclusion that such assignments are permissible under the circumstances in this case, and this Court finds no error in the Bankruptcy Court's ruling that Winchester had standing to pursue those claims.  Accordingly, the Court affirms the Bankruptcy Court as to Newlin's appeal.

## CONCLUSION

As discussed above, the Court finds that the Bankruptcy Court did not err in finding that: (1) Winchester was in default for failure to file a timely answer and that good cause did not exist to set aside the default; (2) the adversary proceeding should be remanded to the Superior Court of Muscogee County, Georgia; (3) that Newlin was entitled to a jury trial; and (4) that Winchester had standing to pursue the §542(a) counterclaim assigned to him by the Trustee.  Accordingly, the Court affirms the Bankruptcy Court's

---

[6]The Western District of Pennsylvania also found that the parties to the sale expressly agreed that the purchase agreement would not include within its scope the § 542(a) cause of action.  *Tenet Healthcare Corp.*, 233 B.R. at 676.

rulings.  This action shall therefore be remanded to the Superior Court for adjudication of Newlin's defaulted claims against Winchester and Winchester's counterclaim against Newlin that was originally asserted by the Trustee as a claim under §542(a).

IT IS SO ORDERED, this 8th day of September, 2010.


S/Clay D. Land
                    CLAY D. LAND
              UNITED STATES DISTRICT JUDGE